UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>William Trainor</u>

    v.                                      Case No. 20-cv-981-PB

<u>Town of Salisbury, MA</u>

**<u>REPORT AND RECOMMENDATION</u>**

Pro se plaintiff William Trainor has filed a complaint (Doc. No. 1), which is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2). Trainor has also moved twice for a hearing (Doc. Nos. 3 & 5). The court considers the factual assertions in both the complaint and the two motions in this preliminary review. For the reasons that follow, the district judge should dismiss this lawsuit.

**<u>Preliminary Review Standard</u>**

The magistrate judge conducts a preliminary review of pleadings, like Trainor's, that are filed in forma pauperis. <u>See</u> LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review,

the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Plaintiff's complaint is styled as an appeal from "unlawful decisions" made by the Massachusetts Housing Court.  According to that court's docket, the plaintiff is an intervenor in an action brought by the Massachusetts Attorney general.  See Attorney Gen. for the Commonwealth of Mass. v. C & G Renewable Energy Sys., Inc., No. 19H77CV000152, (Mass. Housing Ct., filed June 6, 2019).  The docket indicates that the action was commenced by a petition to appoint a receiver with respect to the defendant in that case.  See id., Doc. No. 1.[1]  The docket further indicates that plaintiff, as intervenor, filed a motion

---

[1] In separate litigation, the Commonwealth of Massachusetts, C&G Renewable Energy Systems, Inc., and the plaintiff entered into a consent decree to resolve an environmental claim brought by the Commonwealth.  See Commonwealth of Mass. v. C & G Renewables, et al., No. 1784CV01694, (Mass. Super. March 28, 2019).  Plaintiff's relationship to C & G Renewables is not clear from either Massachusetts docket.

2

for injunctive relief on February 5, 2020.  See id., Doc. No. 46.  Although the court had scheduled a hearing on that motion, the hearing has been rescheduled to an undetermined date due to the Covid-19 pandemic.  See id., Doc. No. 53.  The case, however, remains open.[2]

Although the complaint is somewhat unclear, plaintiff's appeal to this court is based on alleged errors made by the Massachusetts Housing Court, and the fact that there is no date available to hear an appeal for a minimum of twenty months.  Compl. (Doc. No. 1) at 1.  See Mass. Gen. Laws ch. 211A, § 10 (providing appellate jurisdiction to Massachusetts Appeals Court over Housing Court judgments).

## Discussion

A.  Subject Matter Jurisdiction

To the extent the plaintiff seeks to appeal decisions of the Massachusetts Housing Court, this court is without subject matter jurisdiction to address such a claim. It is clear that plaintiff is challenging the trial court's rulings.  See, e.g., Compl. (Doc. No 1) at 9 (listing trial court errors). But as the First Circuit Court Appeals has observed:

---

[2] The Housing Court remains open for remote proceedings. See Mass. Housing Court Standing Order 6-20 (Issued Oct. 5, 2020, eff. Oct. 19, 2020) https://www.mass.gov/housing-court-rules/housing-court-standing-order-6-20-temporary-modifications-to-court-operations

> [F]ederal district courts do not sit as "super appellate courts" reviewing errors allegedly committed by a state court. This is so whether the state-court judgment is final, <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983), or whether, and more forcefully, state proceedings remain pending, as is apparently the case here. See <u>Worldwide Church of God v. McNair</u>, 805 F.2d 888, 893 n.3 (9th Cir. 1986) (and cases cited therein)

<u>Dempsey v. Massachusetts State</u>, 959 F.2d 230, 1992 WL 60438, at *1 (1st Cir. 1992) (unpublished).

Accordingly, the district judge should dismiss this case for lack of subject matter jurisdiction.

### B. Abstention

In the alternative, <u>Colorado River</u> abstention requires dismissal of this case. The <u>Colorado River</u> abstention doctrine "allows federal courts in limited instances to stay or dismiss proceedings that overlap with concurrent litigation in state court." <u>Jiménez v. Rodríguez-Pagán</u>, 597 F.3d 18, 21 (1st Cir. 2010) (citing <u>Colo. River Water Conserv. Dist. v. United States</u>, 424 U.S. 800 (1976)). This abstention doctrine "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" <u>Colo. River</u>, 424 U.S. at 817 (citation omitted). <u>Colorado River</u> abstention, which is appropriate in exceptional circumstances, "is to be used sparingly and approached with great caution." <u>Nazario-Lugo v. Caribevisión Holdings, Inc.</u>, 670 F.3d 109, 115 (1st Cir. 2012).

4

Where, as here, a parallel state proceeding is pending, the relevant factors that the federal court may consider in determining whether to abstain, include, but are not limited to, the following:

> "(1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction."

Jiménez, 597 F.3d at 27-28 (citation omitted).  The court addresses these factors in turn.

1. Jurisdiction over a Res

This factor, the assumption of jurisdiction over a res, embodies a prudential concern for deferring to another court for the sake of "'comprehensive disposition of rights in a particular piece of property.'"  Id. at 28 n.6 (citation omitted).  As previously described, the pending Massachusetts action, filed in June 2019, involves an environmental cleanup of property in Massachusetts.  While plaintiff styles this case as an "appeal," the dockets in the pending case and the previously-settled case demonstrate that the state court has before it all the issues necessary for a complete disposition of the issues

related to the cleanup of the subject property.  This factor therefore favors abstention.

### 2.  Geographical Convenience

There is no indication in the complaint that this court's location in Concord, New Hampshire is any more convenient to the parties and counsel in the parallel litigation than the Massachusetts court in Lawrence, Massachusetts.  This factor, therefore, has no impact on the court's analysis.

### 3. Desirability of Avoiding Piecemeal Litigation

The next factor at issue in the abstention analysis is an interest in avoiding piecemeal litigation. "'[C]oncerns about piecemeal litigation . . . focus on the implications and practical effects of litigating suits deriv[ed] from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other.'"  Jiménez, 597 F.3d at 29 (citation omitted).  In the first instance, this action is not only "derived from the same transaction" as the Massachusetts case, it is an attempt to litigate that very case in this forum. The state court case has proceeded further than this case, and given that the parallel case remains open, any rulings in this court necessarily create a strong likelihood of inconsistent rulings.  To avoid the risk of potentially inconsistent rulings on identical issues, this factor favors abstention.

6

### 4. Order in Which the Forums Obtained Jurisdiction

The state court action was filed in June 2019, more than one year before this action. The docket indicates that the Massachusetts court has already issued numerous decisions affecting the parties to that case. This case, in contrast, has not progressed past preliminary review. That factor favors abstention. Cf. Jiménez, 597 F.3d at 31 ("absence of any federal proceedings beyond a motion to dismiss favors the surrender of jurisdiction") (citing Colo. River, 424 U.S. at 820).

### 5. Whether State or Federal Law Controls

Although plaintiff makes reference his federal constitutional rights being violated in the proceeding below, a full and fair reading of his complaint shows that he is seeking review of what he considers to be legally erroneous state-law rulings by the Massachusetts court. It "is only in 'rare instances' that the presence of state-law issues creates any momentum toward deferring to pending local litigation under the Colorado River doctrine." Nazario-Lugo, 670 F.3d at 118 (citation omitted). This factor, therefore, favors abstention.

### 6. Adequacy of State Forum

Other than pandemic-related delays – which are prevalent in this court as well, see, e.g., Administrative Order on Civil Jury Trials, No. 20-30 (D.N.H. Sept. 11, 2020), the plaintiff

7

identifies no inadequacies in the Massachusetts forum. His case remains open on the Housing Court docket; there is no indication that plaintiff's appellate rights have been diminished. Therefore, this factor favors abstention.[3]

7. Vexatious or Contrived Nature of the Federal Claim

As the court does not find plaintiff's complaint to be vexatious or contrived, this factor neither favors nor disfavors abstention.

8. Respect for Removal Principles

This factor is not applicable to this case.

In sum, the bulk of relevant factors support application of the Colorado River doctrine to this case and warrant the court declining to exercise any jurisdiction over plaintiff's claims

## Conclusion

Based on the foregoing, the district judge should dismiss plaintiff's complaint (Doc. No. 1) for lack of subject matter jurisdiction, or, in the alternative, pursuant to the Colorado River doctrine. If the district judge adopts this recommendation, plaintiff's motions for hearing (Doc. Nos. 3 and 5) should be dismissed as moot.

---

[3] If "for some unexpected reason the state forum does turn out to be inadequate in some respect" the federal court remains open if subsequent developments demonstrate "the inadequacy of the state forum." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983).

8

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 27, 2020

cc:  William Trainor, pro se